**E-Filed 8/20/2010**

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| Robert Perry; Tammy M. Rey, ) | Case No.: 10-CV-03167-LHK |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | ORDER DENYING PRELIMINARY |
| National Default Servicing Corporation; ) | INJUNCTION |
| Kondaur Capital Corporation; EMC Mortgage ) | |
| Corporation; GMAC Mortgage LLC; Mortgage ) | [re: docket no. 8] |
| Electronic Registration Service, Inc.; And All ) | |
| Persons Unknown Claiming Any Legal or ) | |
| Equitable Right, Title, Estate, Lien or Interest in ) | |
| the Property Described in the Complaint Adverse ) | |
| to Plaintiffs' Title, or Any Cloud Upon ) | |
| Plaintiffs' Title Thereto, Does 1-100, ) | |
| ) | |
| Defendants. ) | |

## I.    Background

### A.  Procedural History

On June 25, 2010, Plaintiffs Robert Perry and Tammy M. Rey ("Plaintiffs") filed the instant

action in the San Benito Superior Court against Defendants National Default Servicing

Corporation, Kondaur Capital Corporation, EMC Mortgage Corporation, GMAC Mortgage LLC,

Mortgage Electronic Registration Service, Inc., Unknown Persons Claiming Any Legal Or

Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse

to Plaintiffs' Title, or Any Cloud Upon Plaintiffs' Title Thereto; and Does 1-100 (collectively, "Defendants[1]") alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and of California law.  On July 2, 2010, in response to Plaintiffs' motion filed the same day, the state court issued an ex parte temporary restraining order ("TRO") enjoining Defendants from transferring ownership interest in the subject property located at 1383 Perry Court, Hollister, CA 95023 ("the Property") and setting the matter for further hearing on July 22, 2010.  Not. of Removal (Dkt. No. 1), Ex. B at 2.

Defendants thereafter removed this action to federal court on July 20, 2010, two days before the scheduled hearing set by the state court.  *See* Dkt. No. 1.  Because Plaintiffs asserted a claim over which this Court has original jurisdiction under 28 U.S.C. § 1441(b), removal was appropriate.  Defendants also rescheduled sale of the Property for August 6, 2010.  This Court granted Plaintiffs' ex parte motion for a TRO enjoining this sale and set a further hearing on August 13, 2010 to determine whether the sale should be further enjoined by preliminary injunction.  Dkt. No. 14.

At the August 13, 2010 hearing, this Court took judicial notice of the following publicly-recorded documents submitted with Defendants EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.'s Request for Judicial Notice ("RJN") (Dkt. No. 19): Deed of Trust recorded April 26, 2007, Instrument No. 2007-0005460; Deed of Trust recorded April 26, 2007, Instrument No. 2007-0005461; Grant Deed recorded December 11, 2007; Notice of Default recorded March 8, 2010; Assignment of Deed of Trust recorded June 9, 2010; Substitution of Trustee recorded June 9, 2010; Notice of Trustee's Sale recorded June 9, 2010.  A court "may take

---

[1] Defendants other than Kondaur Capital Corporation, EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. have not yet appeared in the case.  Because the Court finds that the likelihood of success on the merits is low, and the balance of equities and the public interest do not favor an injunction, the preliminary injunction is denied as to all Defendants.

Case No.: 10-CV-03167-LHK
ORDER DENYING PRELIMINARY INJUNCTION

judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Based upon the arguments presented at the hearing, the pleadings filed by the parties, and for the reasons set forth below, the Court DENIES Plaintiffs' request for a preliminary injunction enjoining the sale of the property.

### B. Factual Allegations

Plaintiffs executed a promissory note ("Note"), by which they borrowed $1,000,000.00 from Defendant GMAC Mortgage, LLC ("GMAC"), on April 23, 2007.  RJN, Ex. 2 at 2.  The Note financed the purchase of the Property, to be used as Plaintiffs' principal residence.  RJN, Ex. 2 at 1, 2, 8.   The Note secures a Deed of Trust ("Deed"), also executed on April 23, 2007, and recorded against the Property.  RJN, Ex. 2 at 3.  The Deed states that:

> "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the beneficiary under this Security Instrument**.
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
>
> *Id*. at 2,3.

Every page of the Deed is initialed or signed by Plaintiffs.  On March 8, 2010, a Notice of Default (NOD) was recorded at the Clerk's Office for the County of San Benito, stating that Plaintiffs were $138,526.35 behind in payments as of March 5, 2010, having failed to make payments beginning in July 2008.  RJN, Ex. 4 at 1, 2.  The NOD was signed by "EMC Mortgage Corporation, as Beneficiary," by "National Default Servicing Corporation, as Agent for the Beneficiary," and by "LSI Title Company - CA, as Agent for National Default Servicing Corporation."  RJN, Ex. 4 at 2.  The NOD states:

Case No.: 10-CV-03167-LHK
ORDER DENYING PRELIMINARY INJUCTION

1
2
3

NOTICE IS HEREBY GIVEN THAT: NATIONAL DEFAULT SERVICING CORPORATION is either the original Trustee, the duly appointed substituted Trustee or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated 04/23/2007, executed by ROBERT PERRY . . . AND TAMMY M. REY. . .

4

RJN, Ex. 4 at 2.

5

On March 30, 2010, MERS executed an Assignment of Deed of Trust ("Assignment")

6

assigning "all its right, title and interest in" the Deed, "together with the note or notes therein

7

described or referred to,"  to Kondaur Capital Corporation ("Kondaur").  RJN, Ex. 5.  On May 5,

8
9

2010, Kondaur executed a Substitution of Trustee ("Substitution"), substituting NDSC as the

trustee under the Deed.  RJN, Ex. 6.  Both the Assignment and the Substitution were recorded on

10

June 9, 2010.  RJN, Ex. 5, 6.  On the same day, NDSC executed and recorded a Notice of Trustee's

11
12

Sale stating that the Property would be sold on July 6, 2010 due to Plaintiffs' default on the Note.

13

RJN, Ex. 7.

14

**II.      Legal Standard**

15

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

16
17

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

18

balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*

19

*Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).  The issuance of a preliminary

20

injunction is at the discretion of the district court.  *Indep. Living Ctr. v. Maxwell-Jolly,* 572 F.3d

21

644, 651 (9th Cir. 2009).  The party seeking the injunction bears the burden of proving these

22

elements.  *Klein v. City of San Clemente*, 584 F. 3d 1196, 1201 (9th Cir. 2009).

23

**III.     Discussion**

24

In their motion for a TRO, Plaintiffs state that "[t]he issue on this motion is capacity to

25

lawfully execute and record the latter Assignment, Substitution and Notice of Sale."  Dkt. No. 8 at

26

4.  Plaintiffs advance two arguments regarding capacity.  First, Plaintiffs argue that the NOD dated

27
28

March 25, 2010 was materially defective because it was signed by an incorrect party, rendering any

4

subsequent sale void or voidable. *Id*. at 4-6. Second, Plaintiffs argue that the originally-named beneficiary in the Deed had no power to assign the Deed to another party. *Id*. at 6-9. Thus, Plaintiffs argue, the later attempted assignment had no effect, and the Defendant noticing the foreclosure sale has no authority to sell the Property. Plaintiffs are not likely to succeed on the merits of either argument.

### A.    Notice of Default

Plaintiffs argue that the NOD was defective because it was signed by Defendant EMC Mortgage Corporation ("EMC"), in violation of California Civil Code § 2924, which requires that the NOD be signed by a trustee, mortgagee, beneficiary, or any of their agents. Plaintiffs allege that although EMC is identified in the NOD "as beneficiary," EMC was not a beneficiary under the Deed or the accompanying Note, and therefore that EMC had no capacity to sign the NOD. Plaintiffs argue that the mistaken listing of EMC "as beneficiary" and EMC's lack of capacity to sign render the NOD "materially defective."

The primary purpose of a notice of default is to provide notice of the amount in arrears. *Knapp v. Doherty*, 123 Cal. App. 4th 76, 99 (2004). At the hearing on this motion, counsel for Plaintiffs conceded that Plaintiffs received the NOD and that the NOD's only alleged defect is EMC's lack of capacity to sign it. Further, counsel conceded that Plaintiffs do not allege that the asserted problem with EMC's capacity to sign the NOD prejudiced them. "Courts have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity." *Pantoja v. Country Wide Home Loans, Inc*., 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009) (rejecting claim that a notice of default signed by alleged non-beneficiary entitled borrower to relief from foreclosure, when borrower failed to allege prejudice). In order for a defect in the notice of default to be material, it must cause prejudice. *Knapp*, 123 Cal. App. 4th at 99. There is no basis for relief from non-prejudicial irregularities in a default notice.

None of the cases cited by Plaintiff grants relief from foreclosure due solely to a defect in the notice of default. On the contrary, many cases have held that more serious notice defects are non-prejudicial and do not warrant setting aside a sale. *See*, *e.g.*, *Lehner v. U.S.*, 685 F.2d 1187, 1190-91 (9th Cir. 1982). In *Lehner*, the Ninth Circuit held that although a notice of foreclosure sale was sent to the wrong address, Plaintiff's actual notice cured any potential prejudice. Because the Plaintiffs have identified no prejudice resulting from the alleged improper signature on the NOD, the Court finds that there is little likelihood that Plaintiffs will succeed on the merits of this claim.

## B.      Transfer and Assignment

Plaintiffs argue that NDSC, which noticed the foreclosure sale of the Property, had no power to do so. Plaintiffs concede that an assignment of the Deed and the Note to Kondaur was executed and recorded, and that thereafter Kondaur substituted NDSC for the previous trustee. *See* Pls.' Br. ISO TRO (Dkt. No. 8) at 8. However, Plaintiffs argue that the Assignment to Kondaur was ineffective, thus voiding the Substitution.

Plaintiffs state two reasons that the assignment is invalid. First, Plaintiffs argue that MERS (the party purporting to assign the Deed and Note to Kondaur) had "only a nominal interest in the trust deed," and therefore could transfer no more than this nominal interest. Dkt. No. 8 at 7. Second, Plaintiffs argue that transfer of the Note is governed by the California Commercial Code which requires physical transfer and endorsement. Dkt. No. 8 at 7. Because MERS allegedly did not deliver the physical Note to Kondaur, Plaintiffs contend that no actual transfer was made.

Plaintiffs are unlikely to succeed on the merits of either argument. Regarding MERS' capacity to assign, the Deed itself states that MERS is the "nominee for Lender and Lender's successors and assigns, and the beneficiary under the Deed of Trust." It also states:

Case No.: 10-CV-03167-LHK
ORDER DENYING PRELIMINARY INJUCTION

1

2

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . .

3

> RJN, Ex. 2 at 3.

4

5

The page containing this language was initialed by Plaintiffs.  *Id.*  According to the plain language

6

of the Deed, MERS was the beneficiary and could exercise "all of [Borrower's] interests,"

7

including foreclosure rights.  Courts interpreting trust deeds appointing MERS as beneficiary and

8

nominee, as this one does, have held that "MERS had the right to assign its beneficial interest to a

9

10

third party."  *Baisa v. Indymac Fed. Bank*, No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS

11

103444 at *8-*11 (E.D. Cal. November 6, 2009).  Therefore, the answer to the question Plaintiffs

12

pose in their moving papers, "[d]oes the trust deed confer any contractual powers on the nominal

13

beneficiary (i.e., MERS) to execute its terms?" is "yes."

14

15

> Plaintiffs further contend that Commercial Code provisions requiring physical transfer of a

16

note apply to foreclosures.  Pls.' Br. ISO TRO (Dkt. No. 8) at 6-9.  However, the provisions of the

17

California Civil Code governing foreclosures, i.e. § 2924 et seq., are intended to be "exhaustive."

18

Thus, the Commercial Code requirements cited by Plaintiff do not apply to transferring title of a

19

mortgage note.  *Saugstad v. Am. Home Mortg. Servicing Inc.*, No. 2:09-CV-03516-JAM-KJM,

20

2010 U.S. Dist. LEXIS 76628, at *11-12 (E.D. Cal. July 29, 2010); *Moeller v. Lien,* 25 Cal. App.

21

22

4th 822, 830 (1994).  Accordingly, under California law, there is no requirement that the trustee

23

have possession of the physical note before initiating foreclosure proceedings.  *See*, *e.g*.,

24

*Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2009 U.S. Dist. LEXIS

25

111557, at * 23-*25 (N.D. Cal. Nov. 30, 2009) (citing cases); *Wurtzberger v. Resmae Mortg.*

26

*Corp.*, No. 2:09-cv-01718-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *9-*11 (E.D. Cal. Apr.

27

28

Case No.: 10-CV-03167-LHK
ORDER DENYING PRELIMINARY INJUNCTION

29, 2010); *Benham v. Aurora Loan Servs.*, No. 09-2059 SC, 2010 WL 532685 at *2-*3 (N.D. Cal., Feb. 9, 2010).

Based on the foregoing, the Court concludes that MERS properly assigned all interest in the Deed and related Note to Kondaur on March 20, 2010, and that Kondaur had the power to substitute NDSC for the originally-named trustee on May 5, 2010.  *See* RJN, Ex. 5 and 6. Therefore, NDSC was authorized to notice the foreclosure sale.

### C.        California Business and Professions Code § 17200 et seq.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007).  In their complaint, Plaintiffs allege that "defendants have a statewide policy and practice of improperly delegating to the sale trustee compliance with Civil Code sec. 2923.5 and the same constitutes a violation of" the UCL, and that "defendants have a statewide policy and practice of improperly assigning loans in default in order to avoid compliance with Civil Code sec. 2923.5 and 2923.52 contrary to law and the same constitutes a violation of" the UCL.  Compl. at ¶¶17-18.  Thus, Plaintiffs' UCL claims are entirely dependent on their claims that Defendants violated the cited Civil Code provisions.  If, as here, a plaintiff seeks to show a UCL violation on the basis of otherwise unlawful acts, the UCL claim is only as good as the underlying claim or claims.  *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF (PVT), 2010 U.S. Dist. LEXIS 59698 at *25-*26 (N.D. Cal. May 24, 2010) (dismissing UCL claims, based on insufficiently-pled statutory violations). Because this Court finds that the Plaintiffs have a very low likelihood of success on the merits of

any of their claims of unlawful activity by Defendants, Plaintiffs' chances of success in their UCL claims are likewise slim.

### D.   Alleged Violations of Cal. Civ. Code § 2923.52a and § 2923.5

In their reply papers, Plaintiffs raised for the first time in the context of this request for injunctive relief claims that the foreclosure sale was invalid because Kondaur had failed to provide a 90-day waiting period before directing the trustee, NDSC, to notice the sale, as required by Cal. Civ. Code § 2923.52a.  Plaintiffs also alleged that Kondaur had an obligation to comply with the procedures in Cal. Civ. Code § 2923.5 which arose when it obtained the assignment from MERS. In short, Plaintiffs argue that even if MERS and GMAC complied with § 2923.5, Kondaur was required to repeat those acts.  Neither argument is likely to prevail.

At the hearing on this motion, Plaintiffs admitted that § 2923.52a's 90-day waiting period is inapplicable to exempt entities, and that if Kondaur was exempt, this claim must fail.  Kondaur submitted evidence, from a website maintained by the California Department of Corporations, demonstrating that it has been exempted from this provision since 2009.[2]  Willis Decl. ISO Kondaur's Opp'n to Pls.' Req. for Prelim. Inj., Ex. B.  Therefore, at the time foreclosure proceedings were initiated against Plaintiffs, Kondaur was exempt from this provision, and Plaintiffs concede this defeats their claim.

Moreover, plaintiffs' argument that Kondaur was required to repeat the § 2923.5 contact requirements when it was assigned the Deed and Note does not appear in Plaintiffs' complaint, and at the hearing on this motion, counsel for Plaintiffs admitted it was raised for the first time in Plaintiffs' reply brief.  Even if this argument was properly before the Court, however, it is not persuasive.  The purpose of § 2923.5 is to provide an opportunity to avoid foreclosure by requiring some communication between the lender and the borrower before the notice of default.  *Mabry v.*

---

[2] Because this information is of public record, the Court takes judicial notice of it.

1   *Sup. Ct.*, 185 Cal. App. 4th 208, 225 (2010).  The statute requires that "[a] notice of default filed

2   pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized

3   agent has contacted the borrower . . . ."  Cal. Civ. Code § 2923.5.  The NOD recorded on March 8,

4   2010 includes the required declaration.  Plaintiffs do not contend that the declaration is untrue or

5   that they were never contacted regarding their default.  The statute does not require that every

6   entity acquiring an interest in the loan repeat § 2923.5 procedures, and Plaintiffs have cited no

7   authority to support this position.  Since the NOD complies with the requirements of § 2923.5

8   regarding the declaration, Plaintiffs' untimely argument is very unlikely to succeed.

9

10                          **E.      Truth in Lending Act**

11              In their complaint, Plaintiffs allege generally that Defendants violated provisions of the

12   Truth in Lending Act (15 U.S.C. § 1631 et seq., "TILA"), and that this entitles them to rescind the

13   Deed and Note.  *See* Not. of Removal, Dkt. No. 1, Ex. 1 (Compl.) at ¶¶ 30-31.  It is well-

14   established that the "absolute limitation" for claims for rescission under TILA is three years from

15   the date of consummation of the transaction or sale of the property, whichever occurs first.  35

16   U.S.C. § 1635(f); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).  In this case, the Deed and

17   Note were signed April 23, 2007, but Plaintiffs did not file their complaint in state court until July

18   2, 2010, over two months after the statute of limitations had run.  Therefore, Plaintiffs' claims for

19   recession under TILA appear to be time-barred.  Plaintiffs offered no response to this apparent fatal

20   defect at the hearing on the instant motion.[3]

21

22                          **F.      Balancing**

23              As set forth above, the probability of Plaintiffs' succeeding on any of their claims is

24   extremely low.  Thus, the "likely to succeed" factor weighs against an injunction.  When the

25   chance of success is very low, courts have refused to grant preliminary injunctive relief to halt a

26   _____

27   [3] Defendants' Motions to Dismiss will be heard on October 7, 2010.

28

Case No.: 10-CV-03167-LHK
ORDER DENYING PRELIMINARY INJUNCTION

home foreclosure.  *Gonzalez v. Wells Fargo Bank*, No. C 09-03444 MHP, 2009 U.S. Dist. LEXIS 101036, *20-22 (N.D. Cal. Oct. 29, 2009).  On the other hand, the Court recognizes that loss of one's home constitutes irreparable harm, and the irreparable harm factor weighs in favor of an injunction.  *Saba v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-*14 (N.D. Cal. July 6, 2010).  However, the balance of equities does not favor an injunction. Defendants allege, and Plaintiffs do not dispute, the fact that Plaintiffs have made no payments on the Note since July 2008 and that over $160,000 is due on the Note.  Def. Kondaur Opp. to Mot. for TRO at 2.  It is not equitable for Plaintiffs to continue to occupy the Property without making any mortgage payments for more than two years.  Similarly, the public interest would not be served by prohibiting Kondaur from proceeding with the foreclosure sale, as it is entitled to do.

## IV.     CONCLUSION

Accordingly, Plaintiffs' motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: August 20, 2010

_____
LUCY H. KOH
United States District Judge