**E-Filed 8/24/2010**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Robert Perry; Tammy M. Rey, <br><br>　　　　　　Plaintiffs, <br>　　v. <br><br>National Default Servicing Corporation; Kondaur Capital Corporation; EMC Mortgage Corporation; GMAC Mortgage LLC; Mortgage Electronic Registration Service, Inc.; And All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud Upon Plaintiffs' Title Thereto, Does 1-100, <br><br>　　　　　　Defendants. | Case No.: 10-CV-03167-LHK <br><br> ORDER DENYING STAY PENDING APPEAL <br><br> [re: docket no. 30] |

　　　This action, initially filed in state court, was removed by Defendant Kondaur Capital Corporation on July 20, 2010. Before removal, the state court issued an ex parte temporary restraining order enjoining Defendants from conducting a July 6, 2010 foreclosure sale of the Plaintiffs' home, located at 1383 Perry Court, Hollister, CA 95023 ("the Property"). After removal, this Court granted Plaintiffs' ex parte motion for a temporary restraining order enjoining an August 6, 2010 foreclosure sale, and set a hearing on August 13, 2010 to determine whether the sale should be further enjoined by preliminary injunction. Dkt. No. 14.

In considering the Plaintiffs' request for a preliminary injunction, the Court considered the following factors: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) whether an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). Applying this standard to the circumstances of this case, the Court determined that Plaintiffs were not entitled to a preliminary injunction, and denied Plaintiffs' motion in an Order signed August 20, 2010. The Court's reasoning is laid out in the Order. *See* Dkt. No. 29. As a result, the temporary restraining order was dissolved.

On August 23, 2010, Plaintiffs moved this Court for a stay pending appeal of the preliminary injunction denial, pursuant to Fed. R. App. P. 8(a). Dkt. No. 30. Plaintiffs' motion is a two paragraph document that cites no legal authority other than Appellate Rule 8(a). *Id*. The standard for staying an order pending appeal is nearly identical to the standard for granting a preliminary injunction: " . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court already considered these factors, and concluded that (1) Plaintiffs have very little or no likelihood of success on any of their alleged causes of action (2) the loss of Plaintiffs' home constitutes irreparable harm (3) equity favors the Defendants because Plaintiffs have been living in their home without making mortgage payments for over two years and (4) the public interest would best be served by allowing Defendants to proceed with the sale. In light of all these factors, the Court determined that Plaintiffs were not entitled to an order further enjoining sale of the Property.

In their ex parte Motion for Stay, Plaintiffs make no argument that a stay pending appeal is warranted, other than to state that the Court's denial of the preliminary injunction was "clearly

erroneous" and that the loss of Plaintiffs' home constitutes irreparable harm.  The Court already considered the harm to Plaintiffs in its decision declining to impose a preliminary injunction against a foreclosure sale on the house, and re-alleging this harm does not change the Court's analysis under the *Hilton* standard.   It is Plaintiffs' burden to demonstrate that a stay is appropriate.  *Nken v. Holder*, 129 S. Ct. 1749, 1760-61 (2009).  Because Plaintiffs have submitted no new facts or legal argument, and because the standards for granting injunctive relief and for staying an order are virtually identical, Plaintiffs have failed to carry this burden.  *See United States v. Lang*, No. 06cv2648 JM(LSP), 2008 U.S. Dist. LEXIS 67572 at *4 (S.D. Cal. Sept. 2, 2008) (denying request to stay an order of foreclosure because the moving party failed to "set forth any analysis in support of the likelihood of success on the merits element.").

        Accordingly, the Court DENIES Plaintiffs' request for a stay pending appeal.

        **IT IS SO ORDERED.**

Dated: August 24, 2010

                                                LUCY H. KOH
                                                United States District Judge