**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Robert Perry; Tammy M. Rey,<br><br>          Plaintiffs,<br>     v.<br><br>National Default Servicing Corporation;<br>Kondaur Capital Corporation; EMC Mortgage<br>Corporation; GMAC Mortgage LLC; Mortgage<br>Electronic Registration Service, Inc.; And All<br>Persons Unknown Claiming Any Legal or<br>Equitable Right, Title, Estate, Lien or Interest in<br>the Property Described in the Complaint Adverse<br>to Plaintiffs' Title, or Any Cloud Upon<br>Plaintiffs' Title Thereto, Does 1-100,<br><br>          Defendants. | Case No.: 10-CV-03167-LHK<br><br>ORDER GRANTING MOTION TO<br>DISMISS TILA CLAIM AND<br>REMANDING REMAINING STATE<br>LAW CLAIMS |

I.      BACKGROUND

   a. Procedural History

On June 25, 2010, Plaintiffs Robert Perry and Tammy M. Rey ("Plaintiffs") filed the instant action in the San Benito Superior Court against Defendants National Default Servicing Corporation, Kondaur Capital Corporation (Kondaur), EMC Mortgage Corporation (EMC), GMAC Mortgage LLC, Mortgage Electronic Registration Service, Inc. (MERS), Unknown Persons Claiming Any Legal Or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud Upon Plaintiffs' Title Thereto; and Does 1-100 (collectively, "Defendants "). *See* Not. of Removal, Ex. A (Compl.). The Complaint asserts

1

Case No.: 10-CV-03167-LHK
ORDER GRANTING MOTION TO DISMISS IN PART AND REMANDING

1   three causes of action.  Two of Plaintiffs' causes of action are requests for declaratory judgment on
2   the basis of alleged violations of California law.  The third claim alleges violations of the Truth in
3   Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.  On July 2, 2010, in response to Plaintiffs' motion
4   filed the same day, the state court issued an ex parte temporary restraining order ("TRO") enjoining
5   Defendants from transferring ownership interest in the subject property located at 1383 Perry
6   Court, Hollister, CA 95023 ("the Property") and setting the matter for further hearing on July 22,
7   2010.  Not. of Removal (Dkt. No. 1), Ex. B at 2.

8   Defendants thereafter removed this action to federal court on July 20, 2010, two days
9   before the scheduled hearing set by the state court.  See Dkt. No. 1.  Because Plaintiffs asserted a
10  claim over which this Court has original jurisdiction under 28 U.S.C. § 1441(b), removal was
11  appropriate.  Defendants also rescheduled sale of the Property for August 6, 2010.  This Court
12  granted Plaintiffs' ex parte motion for a TRO enjoining this sale, but ultimately denied the
13  Plaintiffs a preliminary injunction, finding that the Plaintiffs had little likelihood of success on any
14  of the stated grounds for injunction.  *See* Dkt. No. 29.  The Plaintiffs appealed.  *See* Dkt. No. 35.
15  The Ninth Circuit denied the Plaintiffs a preliminary injunction, but ordered that other issues raised
16  by the Plaintiffs on appeal be "referred to the panel that will hear the merits of this appeal for
17  whatever consideration that panel deems appropriate."  *See* Dkt. No. 38.

18  Meanwhile, shortly after removal, different Defendants filed two motions to dismiss the
19  complaint.  Defendants EMC and MERS filed a Motion to Dismiss all causes of action in the
20  complaint for failure to state a claim on August 3, 2010.  *See* Dkt. No. 4.  Defendant Kondaur filed
21  a Motion to Dismiss all causes of action that pertained to its interests on August 9, 2010.  *See* Dkt.
22  No. 15.  Although Kondaur, the removing Defendant, stated in the Notice of Removal that the basis
23  of federal jurisdiction was Plaintiffs' TILA claim (see Not. of Removal at ¶ 3), all Defendants
24  argued that Plaintiffs' TILA claim should be dismissed because it was time-barred.  *See* Dkt. No. 4
25  at 8-9; Dkt. No. 15 at 12-13.  At the hearing on the preliminary injunction, Plaintiffs offered no
26  argument that their TILA claims were not time-barred.  *See* August 13, 2010 Hearing Tr. at 43:10-
27  24.

2

Case No.: 10-CV-03167-LHK
ORDER GRANTING MOTION TO DISMISS IN PART AND REMANDING

At the August 13, 2010 hearing, this Court took judicial notice of a number of publicly-recorded documents submitted with Defendants EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.'s Request for Judicial Notice ("RJN") (Dkt. No. 19), including a Deed of Trust recorded April 26, 2007, Instrument No. 2007-0005460 (Deed) and a Notice of Default recorded March 8, 2010 (NOD).[1]

The Court determines that the two pending Motions to Dismiss are suitable for decision without oral argument. Civil Local Rule 7-1(b). Therefore, the hearing and case management conference set for January 20, 2011 are hereby VACATED.

b. Factual Background

Plaintiffs executed a promissory note (Note), by which they borrowed $1,000,000.00 from Defendant GMAC Mortgage, LLC (GMAC), on April 23, 2007. Deed at 2. The Note financed the purchase of the Property, to be used as Plaintiffs' principal residence. Deed at 1, 2, 8. The Note secured the Deed, which was also executed on April 23, 2007 and recorded against the Property. Deed at 3. Plaintiffs failed to make payments on the Note. On March 8, 2010, a Notice of Default (NOD) was recorded at the Clerk's Office for the County of San Benito, stating that Plaintiffs were $138,526.35 behind in payments as of March 5, 2010, having failed to make payments beginning in July 2008. NOD at 1, 2.

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

---

[1] Defendant Kondaur submitted a second Request for Judicial Notice with its Reply on its Motion to Dismiss, but because the Court's opinion does not rely on the additional documents, the Court does not take notice of them.

3

Case No.: 10-CV-03167-LHK
ORDER GRANTING MOTION TO DISMISS IN PART AND REMANDING

1    However, the court is not required to accept as true "allegations that are merely conclusory,
2    unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536
3    F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend must be granted unless it is clear that the
4    complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't. of Corr.*, 66 F.3d 245,
5    248 (9th Cir. 1995).

6         III.    ARGUMENT

7        Defendants argue that TILA rescission is subject to a three year statute of repose, which
8    cannot be tolled.  Defendants are correct.  *See King v. California*, 784 F.2d 910, 915 (9th Cir.
9    1986).  The statute starts running when the loan transaction is consummated.  *Id.*  The Deed shows
10   that the Plaintiffs signed their loan documents on April 23, 2007.[2]  However, Plaintiffs did not file
11   their Complaint until June 25, 2010.  Thus, the statute of limitations on any claim for TILA
12   rescission expired over two months before they asserted this claim.  Plaintiffs offered no response
13   to this apparent fatal defect at the hearing on the Motion for Preliminary Injunction.  Therefore, it
14   appears that providing Plaintiffs with leave to amend this claim would be futile, because the claim
15   is time-barred.  Accordingly, the Court DISMISSES Plaintiffs' TILA claim with prejudice.

16       Dismissal of this cause of action removes the only federal claim, and the only source of
17   original federal jurisdiction, from the Complaint.  In this situation, it is within the Court's
18   discretion to exercise supplemental jurisdiction over the remaining claims, or not.  *Carlsbad Tech.,*
19   *Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts
20   may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the
21   district court has dismissed all claims over which it has original jurisdiction . . . .) ."  "[I]n the usual
22   case in which all federal-law claims are eliminated before trial, the balance of factors to be
23   considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and
24   comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."
25   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (U.S. 1988), *superseded on other grounds by*

---

[2] The Court's consideration of the Deed, which is referenced within and forms the basis for claims asserted in the Complaint, does not convert this Motion to Dismiss into a Motion for Summary Judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.), cert. denied, 129 L. Ed. 2d 832, 114 S. Ct. 2704 (1994)), cert. denied, 116 S. Ct. 1422, 134 L. Ed. 2d 547 (1996).

4

Case No.: 10-CV-03167-LHK
ORDER GRANTING MOTION TO DISMISS IN PART AND REMANDING

*statute as recognized in Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 557 (10th Cir. 2000). Here, the single TILA claim has been eliminated at the pleadings phase. Discovery has not yet begun. All the remaining claims are state law claims. Therefore, it is in the interests of judicial economy, convenience, fairness, and comity to remand the remaining claims. Therefore, this matter is hereby REMANDED to the Superior Court for San Benito County.

Finally, on January 12, 2011, Plaintiffs submitted a "Case Management Statement With Request for Stay," asking that this action be stayed pending resolution of an unlawful detainer proceeding relating to the Property and set for hearing on January 24, 2011 in the San Benito County Superior Court. If Plaintiffs wish to seek a stay, they must do so in the state court after remand.

IV.   CONCLUSION

The Court grants Defendants' Motions to Dismiss Plaintiffs' TILA claim with prejudice. The hearing on the Defendants' Motions to Dismiss and the Case Management Conference, set for January 20, 2011 are hereby VACATED. The remaining claims are hereby REMANDED to the Superior Court for San Benito County. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 14, 2010

_____
LUCY H. KOH
United States District Judge

5
Case No.: 10-CV-03167-LHK
ORDER GRANTING MOTION TO DISMISS IN PART AND REMANDING